UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 1:08-CR-141-06 |
| : | |
| ANTHONY KNIGHT, : | |
| Defendant : | |
| : | |

*M E M O R A N D U M*

*I.      Introduction*

Before this court is Defendant Anthony Knight's motion (Doc. 314) for release on bond pending disposition of his motion under 28 U.S.C. § 2255. Defendant currently has a § 2255 motion pending before this court (Doc. 308), which was stayed pending the United States Supreme Court's decision in Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015) (per curiam), cert. granted, 136 S. Ct. 2510 (2016) (mem.). (Doc. 313). Defendant now argues that, because he is projected to be released from prison on April 19, 2017, and because the Supreme Court may not decide Beckles by that time, exceptional circumstances exist and a grant of bond pending the outcome of his § 2255 motion is necessary to avoid irreparable harm—specifically, his continued incarceration for the next several months. (Doc. 315 at 3); (Doc. 318 at 3-4). For the reasons that follow, we will deny Defendant's motion.

*II.      Background*

On November 5, 2008, an indictment was filed charging Defendant and five other co-defendants with drug trafficking, firearms, and conspiracy offenses. (Doc. 90). On May 13, 2013, Defendant pled guilty, pursuant to a negotiated plea agreement, to

Count Seven of the indictment, which charged him with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1).  (Doc. 90 at 7); (Doc. 264 at 1); (Doc. 269).

A Presentence Investigation Report (PSR) was filed, which determined, under United States Sentencing Guideline (U.S.S.G.) § 2K2.1(a)(2), that Defendant's base offense level was 24 because he committed Count Seven subsequent to sustaining at least two felony convictions for crimes of violence; specifically, the PSR listed prior convictions for attempted robbery in 1988, escape in 2000, and resisting arrest in 2005. (PSR ¶¶ 14, 27, 35, 37).  After applying a two-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a)-(b), Defendant's total offense level was 22, and, taking into account his Category VI criminal history, his Guideline range was 84 to 105 months' imprisonment.  (PSR ¶¶ 20-21, 65).  On July 8, 2014, this court adopted the PSR, granted a downward variance based on 18 U.S.C. § 2553(a), and sentenced Defendant to 60 months' imprisonment.  (Doc. 292).

On May 23, 2016, Defendant filed a motion to correct sentence under § 2255 claiming that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act (ACCA) unconstitutionally void for vagueness), is applicable to his sentencing under the career offender guideline, U.S.S.G. § 4B1.2(a), and that his prior convictions for attempted robbery, escape, and resisting arrest are no longer crimes of violence for which he could be subject to a sentencing enhancement.  (Doc. 308).  Without the enhancement, Defendant's Guideline range would be 21 to 27 months' imprisonment.  (Doc. 315 at 3). On August 31, 2016, we stayed Defendant's § 2255 motion until the Supreme Court's

decision in Beckles. (Doc. 313). Following our stay, Defendant filed the instant motion requesting release on bond pending the disposition of his § 2255 motion. (Doc. 314).

*III.      Discussion*

District courts have the discretion to order bail on bond pending the outcome of § 2255 proceedings. See United States v. Smith, 835 F.2d 1048, 1050 (3d Cir. 1987); see also United States v. Weicksel, 517 F. App'x 67, 68 (3d Cir. 2013) (referencing standard in Smith with regard to bail pending disposition of § 2255 motion). "[C]ourts that have been faced with requests for bail prior to ruling on a [§ 2255 motion] have developed standards requiring that a [defendant] (1) make out a clear case for [] relief on the law and facts, or (2) establish that exceptional circumstances exist warranting special treatment, or both." Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986). "[A]s a threshold matter, the [defendant] bears the burden of showing that [his] case presents extraordinary circumstances warranting bail consideration." Leslie v. Holder, 865 F. Supp. 2d 627, 635 (M.D. Pa. 2012). "In making this threshold determination we are cautioned to consider both the merits of the claims made in the [defendant's § 2255 motion], and to ascertain whether the case presents exceptional circumstances which make the [defendant] a proper candidate for bail." Id. at 635–36.

The exceptional-circumstances standard "reflects the recognition that a preliminary grant of bail is an exceptional form of relief in a [§ 2255] proceeding." Lucas, 790 F.2d at 367. To meet this standard, a defendant must make a "'strong showing that he is likely to succeed on the merits,' irreparable injury, injury to other parties interested in the proceeding, and the public interest." Smith, 835 F.2d at 1050 (quoting Hilton v. Braunskill, 107 S. Ct. 2113, 2119 (1987)). Bail pending review of a § 2255 motion is

typically available "only when the [defendant] has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992).

Here, Defendant argues that he has made a clear case for § 2255 relief. His § 2255 argument is as follows: the Supreme Court in Johnson held the residual clause of the ACCA unconstitutionally vague, and that ruling was made retroactive to cases on collateral review in Welch v. United States, 136 S.Ct. 1257 (2016); Defendant received a sentencing enhancement under the career offender guideline, U.S.S.G. § 4B1.2, because it was determined that he had at least two prior convictions for crimes of violence; § 4B1.2 contains an identical residual clause to that which was found unconstitutional in Johnson, and Defendant claims he was sentenced under § 4B1.2's residual clause, as opposed to any of its other clauses; the Third Circuit, on direct appeal, has held § 4B1.2's residual clause unconstitutional in light of Johnson, and some district courts have retroactively applied that ruling to cases on collateral review; therefore, Defendant's sentence should be vacated and he should be resentenced without the career offender enhancement because § 4B1.2's residual clause is unconstitutional and such a ruling is a "new right" recognized by the Supreme Court that is retroactively applicable to his sentencing.[1]

Here, contrary to his assertion, the relief to which Defendant claims entitlement in his § 2255 motion is far from clear; therefore, Defendant has failed to demonstrate a likelihood of success on the merits of the motion. See Smith, 835 F.2d at

---

[1] See 28 U.S.C. § 2255(f)(3). Because Defendant filed his initial § 2255 motion more than one year after his conviction became final, we discern, based on the motion's allegations, that the only basis for the motion to be timely is under § 2255(f)(3). See, e.g., United States v. Kenney, No. 1:92-CR-22, 2016 WL 7117919, at *2 (M.D. Pa. Dec. 7, 2016) (Caldwell, J.).

4

1050; Landano, 970 F.2d at 1239.  We stayed Defendant's § 2255 motion because the Supreme Court in Beckles is slated to—hopefully—answer the issues that Defendant raises regarding the constitutionality of the career offender guideline.  The Supreme Court's decisions in Johnson and Welch were limited to defendants sentenced under the ACCA, and the Court did not give any indication that it was creating a new right that was applicable to defendants allegedly sentenced under the career offender guideline's residual clause, let alone establish that such a right would be retroactively applicable to cases on collateral review.  See, e.g., United States v. Kenney, No. 1:92-CR-22, 2016 WL 7117919, at *3 (M.D. Pa. Dec. 7, 2016) (Caldwell, J.) ("In short, neither Johnson nor Welch sweeps so broadly so as to create a newly recognized "right" that encompasses collateral challenges to the vagueness of the career offender guideline's residual clause.").

        The Supreme Court in Beckles may or may not create a new right to collaterally attack a sentence enhanced by the career offender guideline's residual clause, or it may pass on the issue altogether.  If the Supreme Court declines to address the issues of constitutionality or retroactivity in Beckles, or if it decides that the career offender guideline's residual clause is constitutional, or if it decides that, even if the clause is unconstitutional, such a ruling is not retroactive to cases on collateral review, Defendant would face an insurmountable time bar to his § 2255 motion.  See 28 U.S.C. § 2255(f)(3) (setting one-year statute of limitations to run from "the date on which the right asserted was initially recognized by the Supreme Court").  As such, in this case, the only way for Defendant's § 2255 motion—filed more than a year after his conviction became final—to overcome the gatekeeping requirements of § 2255(f) is if the Supreme Court were to decide both issues in Beckles (constitutionality and retroactivity) in a way that allowed him

5

to avail himself of § 2255(f)(3) to make his § 2255 motion timely. The Supreme Court has yet to do either, and there is no way of knowing, beyond bare conjecture, how the Court will ultimately rule on these issues, or if it will decide them at all.

A defendant may not be released pending a § 2255 motion solely because he has stated a plausible claim to relief; rather, he must make a "strong showing" that he is likely to succeed on the merits of his motion. Smith, 835 F.2d at 1050. Here, Defendant has not made such a showing by simply speculating that the Supreme Court will decide Beckles favorably in relation to his § 2255 claim. Thus, Defendant has failed to meet his burden of demonstrating a high probability that his § 2255 motion is likely to be timely, let alone demonstrate that his motion is likely to succeed on its substantive merits.[2] Accordingly, we agree with the Government that Defendant has presented "a sequence of events far too speculative to satisfy his burden" of showing a likelihood of success on the merits to warrant release on bond pending his § 2255 motion. (Doc. 317 at 8).

In addition to failing to demonstrate a likelihood of success on the merits, we also find that Defendant has not met his burden of showing that exceptional circumstances exist to warrant release on bond. "Very few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health *or the impending completion of the prisoner's sentence.*" Landano, 970 F.2d at 1239 (emphasis added) (citing Boyer v. City of Orlando, 402 F.2d 966 (5th Cir.1968) (finding bail should be awarded where sentence was so short that if bail were denied and habeas petition eventually granted, defendant would already have served his sentence)). Where a grant of bail is "necessary to make the [§ 2255] remedy effective," exception circumstances may exist. Landano, 970 F.2d at 1239.

---

[2] We express no opinion on the substantive merits of Defendant's § 2255 motion.

Here, we recognize that Defendant has presented a set of circumstances that outline the impending completion of his sentence, and that he argues that he will suffer irreparable harm in that he may be "serving prison time that he could never get back if Beckles is determined against the Government." (Doc. 318 at 3); see also Espinoza v. United States, No. CR-13-769-MWF, 2016 WL 5661546, at *4 (C.D. Cal. Sept. 21, 2016). Defendant suggests that a "better course" for this court to take is to allow him to be released on bond while his § 2255 motion is pending subject to the same conditions that would be imposed on supervised release had he completed hi sentence, and then revoke his bond and "direct his reincarceration" if his § 2255 motion is ultimately denied. (Doc. 318 at 3-4). Such a creative solution is one that this court has permitted in a previous case where a defendant's § 2255 motion was stayed pending Beckles and the defendant was released on bond pending the motion's outcome. See United States v. Ashton, 4:07-CR-0019, Docs. 63-65 (M.D. Pa Aug. 30, 2016) (Brann, J.).

However, we reject Defendant's arguments. First, we note that, in Ashton, unlike here, it does not appear that the Government opposed the defendant's motion for release on bond and an order was simply issued granting the motion without the court discussing the applicable legal standard for the motion in that case. See id. at Doc. 64. Second, as to irreparable harm, we note that such a showing is directly dependent on Defendant's likelihood of success on the merits, and that, because he has failed to demonstrate a high probability of success, release on bond pending his § 2255 motion is inappropriate. See Kotz v. Lappin, 515 F. Supp. 2d 143, 152 (D.D.C. 2007) ("Without showing that his incarceration is wrongful, the court is loathe to declare that the [defendant] would suffer 'extreme or very serious damage' by serving the remainder of a

7

properly-imposed sentence. Although the [defendant] does, indeed, face a sympathetic set of circumstances, he simply has not made a sufficient showing of irreparable injury to overcome for his failure to demonstrate a substantial likelihood of success on the merits.").

Moreover, we disagree with Defendant that release on bond is "necessary to make [his § 2255] remedy effective." (Doc. 315 at 6). Section 2255 gives district courts a broad range of remedial powers if a prisoner is entitled to relief, including the discretion to reduce the duration of a defendant's supervised release. See United States v. Doe, 810 F.3d 132, 143 (3d Cir. 2015). Thus, even if Defendant "will likely serve his entire sentence if he remains incarcerated pending a decision in Beckles," (Doc. 315 at 5), this court has discretion in fashioning relief while Defendant serves his term of supervised release. See 28 U.S.C. § 2255(b). Finally, we note that other considerations counsel against granting Defendant's motion for release on bond, including the "presumption of correctness" given to his initial custody determination, and the Government's and the public's interest in "continued custody [of Defendant] pending a final determination" of his § 2255 proceedings. Smith, 835 F.2d at 1050. Because these considerations, combined with Defendant's failure to demonstrate a likelihood of success on the merits of his § 2255 motion, weigh against release on bond, we will deny Defendant's motion.

*IV.        Conclusion*

Defendant has failed to show exceptional circumstances exist to warrant release on bond pending his § 2255 motion. An appropriate order will issue.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 9, 2017